UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

GEICO Indemnity Company as subrogee of Katrina Scott,

    Plaintiff,

v.

United States of America,

    Defendant.

Civil Action No.: 3:24-cv-00681 (BKS/ ML)

**COMPLAINT**

Plaintiff, GEICO Indemnity Insurance Company as subrogee of Katrina Scott, by way of Complaint against Defendant, United States of America, alleges as follows:

**PARTIES**

1. Plaintiff, GEICO Indemnity Insurance Company ("Plaintiff") is a corporation formed under the laws of the State of Virginia that does business at 1 Geico Boulevard, Fredericksburg, Virginia 22412.

2. Plaintiff is in the business of automobile insurance.

3. Plaintiff's insured Katrina Scott ("Plaintiff's insured") is an individual residing at ████████████████████████████████.

4. Plaintiff's insured was, at all times relevant hereto, the insured under a certain Government Employees Insurance Company policy.

5. The claims herein are brought against United States of America.

6. The claims herein arise out of a motor vehicle accident involving the vehicle of Plaintiff's insured and an employee of the United States Government, Postal Service.

7. The United States Postal Service is an agency of the United States of

America which by and through its agents, servants, workmen, employees and/or other representatives, acted on behalf of Defendant, United States of America, with the full knowledge, consent and authority of Defendant, United States of America.

## JURISDICTION AND VENUE

8.Jurisdiction over the United States of America in this case is founded upon the Federal Tort Claims Act (28 U.S.C. §2671, *et seq*.) and 28 U.S.C. §1346(b)(1).

9.The claims here are brought against the United States of America for money damages as compensation for loss of property on October 22, 2022 that was caused by the negligent and wrongful acts and omissions of employees of the United States Government while acting within the scope of their office of employment, under circumstances where the United States, if a private person, would be liable to the Plaintiff in accordance with the laws of the State of New York.

10.Venue is proper in this Court pursuant to 28 U.S.C. §1391(a)(2) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the Northern District of New York.

11.An original SF-95 Claim Form was sent to the United States Postal Service on April 19, 2023. A true copy of the claim is attached hereto as **Exhibit A**.

12.Plaintiff's claim was formally denied by the United States Post Office by letter dated November 20, 2023. A true copy of the denial is attached hereto as **Exhibit B.**

13.On or about April 11, 2024, Plaintiff submitted a formal request for reconsideration of the final denial of claim to the United States Postal Service. A

true copy of the request is attached hereto as **Exhibit C**.

14. Less than six (6) months had expired since the date of the November 20, 2023 denial, making the request for reconsideration timely.

15. Plaintiff's request for reconsideration was formally denied by the United States Post Office by letter dated April 22, 2024. A true copy of the denial is attached hereto as **Exhibit D**.

16. Less than six (6) months has expired since the date of that denial, making institution of this lawsuit timely.

## ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION

17. At all times relevant hereto, Plaintiff's insured owned a 2018 Ford Escape ("the vehicle of Plaintiff's insured").

18. On or about October 22, 2022, Plaintiff's insured's was traveling on Salt Road, at or near the intersection with Stauber Road, in Groton, New York.

19. At the same aforementioned time and place, the United States Postal vehicle was illegally parked on Salt Road with no lights on.

20. Upon information and belief, at all times relevant hereto, the United States Postal driver was an employee of the United States Postal Service, an Agency of Defendant, United States of America.

21. At the same aforementioned time and place, the United States Postal driver operated said vehicle in such an, including, but not limited to, reckless, careless, willful and wanton and/or negligent manner, as to fail to pay proper attention and/or fail to signal, look out, and/or yield right of way when moving from the vehicle's parked position when Plaintiff's insured slowed down to proceed on

passing the stationary United States Postal vehicle, at which time, the operator of the United States Postal vehicle, thereby causing a collision with the vehicle of Plaintiff's insured.

22. As a result of Defendant's actions and/or omissions, the vehicle of Plaintiff's insured sustained property damage.

23. As a result of Defendant's actions and/or omissions, Plaintiff paid Property Damage claims totaling $15,613.48.

## TORTIOUS CONDUCT

24. Plaintiff repeats each and every preceding paragraph of the Complaint as if set forth at length herein.

25. Defendant owed a duty of reasonable care to Plaintiff's insured.

26. Defendant breached said duty by recklessly, carelessly, willfully and wantonly and/or negligently failing to pay attention and/or yield right of way, thereby striking the vehicle of Plaintiff's insured.

## REMEDY

27. WHEREFORE, the Plaintiff prays for judgment against the Defendant as follows:

A. Money damages in the amount of $15,613.48.

B. Such other relief as the Court might deem just and equitable.

| | |
|---|---|
| Dated: May 17, 2024 | Law Offices of Jan Meyer & Associates, P.C. |
| | |
| | /s/Jan Meyer |
| | Jan Meyer, Esq. |
| | Attorney for Plaintiff(s) |
| | 1029 Teaneck Road, Second Floor |
| | Teaneck, New Jersey 07666 |
| | (201) 862-9500 |
| | **Maintains a New York Office At:** |
| | 424 Madison Avenue, 16th Floor |
| | New York, NY 10017 |
| | *Kindly correspond with our NJ office.* |
| | File Number: 0380134510101143 |